IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH EDWARD SUBASIC, )
                                        )
        Plaintiff, )
  -vs- ) Civil Action No. 17-129
                                        )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
                                        )
        Defendant. )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 14) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

### **I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his applications alleging disability began on May 31, 2013. (ECF No. 7-6, p. 13). Administrative Law Judge ("ALJ"), Kathleen McDade, held a hearing on April 22, 2015. (ECF No. 7-3). On June 9, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 21-35).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 14 and 16). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity ("RFC") [2]

Plaintiff asserts that the ALJ erred in determining his RFC. (ECF No. 15, pp. 11-15). To that end, Plaintiff specifically argues that the ALJ erred in "affording 'limited weight' to the RFC assessment of Dr. Shipton, Plaintiff's treating physician." (ECF No. 15, p. 11). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). The opinion of

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §404.1545(a).

3

a treating physician need not be viewed uncritically. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

Plaintiff submits that the ALJ erred in "outright" rejecting Dr. Shipton's opinion that he is disabled. (ECF No. 15, p. 12). A review of the record reveals that the ALJ gave "little weight" to Dr. Shipton's opinion on the ultimate issue of disability. (ECF No. 7-2, p. 33). Such ultimate questions of disability are reserved solely for the ALJ. 20 C.F.R. §404.1527, 416.927. Thus, the ALJ was not required to give such opinion any weight.

Plaintiff also argues that the ALJ's opinion is not based on substantial evidence because the ALJ "rejected" all opinion evidence. (ECF No. 15, pp. 14-15). It is true that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). Such is not the case here, however. A review of the record reveals that the ALJ "partially adopted" the opinions of Dr. Shipton and limited Plaintiff to "sedentary work activities with additional manipulative, postural and environmental limitations [to]…address the claimant's combined obesity, degenerative disc disease, and the claimant's upper extremity peripheral neuropathy, right greater than left; and lower extremity neuropathy not as severe as his upper extremity neuropathy." (ECF No. 7-2, p. 34). Thus, contrary to Plaintiff's argument, the ALJ did not reject Dr. Shipton's opinion entirely. *See*, ECF No. 15, pp. 11-15 and No. 7-2, pp. 26-34. The ALJ's RFC was based on that portion of Dr. Shipton's opinion that the ALJ accepted.

Furthermore, the ALJ thoroughly went through Dr. Shipton's opinion and discussed where it was inconsistent with the record. (ECF No. 7-33, pp. 26-34). For example, the ALJ

4

explained how Dr. Shipton's opinion was inconsistent with other medical evidence, as well as other non-medical evidence of record. *Id.* Inconsistency is a valid and acceptable reason for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). While there may be evidence that supports the position of Plaintiff, which he points out, the standard of review is not whether there is evidence to support Plaintiff's position. The standard is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). After a review of the record, I find there is substantial evidence of record to support the ALJ's weighing of the opinion of Dr. Shipton. (ECF No. 7-2, pp. 21-35). Consequently, I find no error in this regard.

### C. Vocational Expert ("VE")

Plaintiff argues that the ALJ erred in "relying upon the testimony of the VE which was given in response to a hypothetical question that did not include all limitations of record," namely all of the limitations opined by Dr. Shipton. (ECF No. 15, pp. 15). After a review of the record, I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record and analysis above, I find there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 7-2, pp. 21-35). Thus, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH EDWARD SUBASIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| -vs- | ) | Civil Action No. 17-129 |
| | ) | |
| NANCY A. BERRYHILL,[3] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 15th day of February, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 14) is denied and Defendant's Motion for Summary Judgment (Docket No. 16) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.